5 F.3d 534
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Guy Eugene ALFORD, Sr., Petitioner-Appellant,
v.
E.R. MYERS, Warden, Respondent-Appellee.
 No. 93-15288.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 25, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Guy Eugene Alford, Sr. appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his conviction for second degree murder. Alford contends the district court violated his due process rights by instructing the jury to reach a verdict on second degree murder before reaching a verdict on voluntary manslaughter. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review de novo a district court's decision on questions of law presented in a habeas petition, Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991), and we affirm.
 
 
 3
 In collateral proceedings involving erroneous jury instructions, there is federal constitutional error if "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973). "If the instructional error does meet the violation of due process standard," the court must decide if the error was harmless by deciding whether it " 'had substantial and injurious effect or influence in determining the jury's verdict.' " Suniga v. R.J. Bunnell, No. 92-15204, slip op. at 8389 (9th Cir. August 5, 1993) (quoting, Brecht v. Abrahmson, 61 U.S.L.W. 4335, 4340 (U.S. Apr. 21 1993)).[1] According to California law, although a jury instruction patterned after an "acquittal-first" instruction such as CALJIC No. 8.75[2] may confuse jurors or even be erroneous, reversal is not required where the jurors in fact deliberated on both degrees of murder and on voluntary manslaughter despite the erroneous instructions. California v. Kurtzman, 46 Cal.3d 322, 758 P.2d 572, 250 Cal.Rptr. 244, 252 (1988). In a federal criminal case, an instruction requiring the jury to unanimously acquit on the greater charge before considering the lesser-included charge may be employed as well as an instruction ordering the jury to "consider the lesser-included offense if unable after reasonable effort to reach a verdict on the greater offense." United States v. Jackson, 726 F.2d 1466, 1469 (9th Cir.1984) (Although "either formulation may be employed if the defendant expresses no choice, it is error to reject the form timely requested by defendant.")
 
 
 4
 In this case there is insufficient evidence that the jury instruction of "acquittal first" so tainted the trial that Alford was denied due process. Alford never requested a specific instruction during the trial, and therefore, under federal precepts the trial court's instruction was a correct one. See id. Under California law, even though the trial court's use of CALJIC No. 8.75 may have been misleading, it was not sufficient to merit reversal as there was no evidence that the jury did not consider the possibility of a manslaughter conviction. See Kurtzman, 46 Cal.3d 322, 758 P.2d 572, 250 Cal.Rptr. at 252. We find no compelling reason to overturn the jury's apparent decision that Alford was not guilty of heat-of-passion manslaughter. There was sufficient evidence for the jury to deliver a verdict of second-degree murder. We hold, therefore, that the state court's acquittal-first jury instructions did not constitute error pursuant to Cupp v. Naughten, 414 U.S. 141, 147 (1993), and that the district court did not err in denying Alford's habeas petition.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Some instructional errors are so serious as to amount to "structural defects," which defy harmless error analysis and require automatic reversal. Examples of this error include when a "jury is instructed in a way that allows proof of an element of a crime on a standard less demanding than beyond a reasonable doubt", or when the court "allows the defense to be ambushed with an instruction that changes the theory of the case at the last minute." Suniga, No. 92-15204, slip op. at 8390 (citations omitted). Because we find that no due process violation has occurred in this petition, we do not reach this issue
 
 
 [2]
 The state trial court in this case instructed the jury in part: "You must unanimously agree that the defendant is not guilty of second degree murder before you find him guilty or not guilty of voluntary manslaughter."